UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICHARD LASCO, <br><br> Plaintiff, <br><br> v. <br><br> TOTTENVILLE MARINA, LLC et al., <br><br> Defendants. | : <br> : <br> :    **Civil Action No. 15-2689 (SRC)** <br> : <br> : <br> :    **OPINION & ORDER** <br> : <br> : <br> : <br> : <br> : |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Defendant Ace American Insurance Company ("Ace") to transfer venue, pursuant to 28 U.S.C. § 1404(a). Plaintiff Richard Lasco ("Lasco") has opposed the motion. For the reasons discussed below, the Court will grant Defendant's motion to transfer the case.

      The Complaint alleges that Plaintiff, a citizen of New Jersey, entrusted his boat to Defendant Tottenville Marina, LLC (the "Marina"), located in the State of New York, for storage. The boat was insured by Defendant Ace, and it sank. Plaintiff brought this action for damages in New Jersey Superior Court, and it was removed to federal court. Ace now moves to transfer the case to the United States District Court for the Eastern District of New York.

      Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

1

consented." 28 U.S.C. § 1404(a). The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995); Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 480 (D.N.J. 1993). Transfer of action pursuant to section 1404(a) is a matter for the Court's discretion. Lafferty v. St. Riel, 495 F.3d 72, 76–77 (3d Cir. 2007).

To determine whether, in its discretion, the Court should order a transfer of the action pursuant to § 1404(a), it must balance various private and public interests. Jumara, 55 F.3d at 879. In Jumara, the Third Circuit provided a list of factors a district court should consider. The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum). Id. The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

The first private factor, Plaintiff's preference, weighs in favor of New Jersey. On the other hand, Defendant Ace has expressed a strong preference to venue the action in New York.

The third private factor favors transfer: the claim arose in New York. Other than the fact that Ace wrote the insurance policy in New Jersey, all the operative facts of this case arose from

events which are alleged to have occurred in New York.  In short, New York is the forum with the greatest connection to the facts underlying the Complaint.  While Plaintiff's choice of New Jersey as the forum deserves deference, it is given less deference when the operative facts show little or no connection to the state of the chosen forum.

The public factors bearing on the Section 1404(a) analysis are largely neutral, although New York does have a significant interest in deciding a controversy, which arose there, at home.

Ace has met its burden of showing that, "all relevant things considered, the case would be better off transferred to another district."  In re United States, 273 F.3d 380, 388 (3d Cir. 2001).  The Court concludes that a transfer would serve the interests of justice and further the goals of 28 U.S.C. § 1404(a).  The motion to transfer will be granted.

For these reasons,

**IT IS** on this 10th day of August, 2015

**ORDERED** that Defendant's motion to transfer venue (Docket Entry No. 7) is **GRANTED**, and this case is hereby transferred to the United States District Court for the Eastern District of New York.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge